IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ETHEL R. HARKINS,

      Plaintiffs,

v.

ASTRAZENECA PHARMACEUTICALS, L.P., et al.,

      Defendants
                                        /

No. C-06-0566 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF**

      Before the Court is plaintiff's motion for administrative relief, filed July 12, 2006, by which plaintiff requests the Court dismiss without prejudice her claims against defendants AstraZeneca Pharmaceuticals, L.P., and AstraZeneca, L.P. (collectively, "AstraZeneca"). Additionally, and although filed in the instant action only, plaintiff, on behalf of plaintiffs in other actions, requests the Court (1) dismiss without prejudice claims brought against AstraZeneca in five other actions, specifically, Kasperson v. AstraZeneca, C 06-611, Houston v. AstraZeneca, C 06-1228, Johnson v. AstraZeneca, C 06-1319, Gotschall v. AstraZeneca, C 06-1321, and Mitchell v. AstraZeneca, C 06-1528; and (2) dismiss without prejudice ten actions in their entirety, specifically, Belputiti v. AstraZeneca, C 06-550, Glover v. AstraZeneca, C 06-564, Hawkins v. AstraZeneca, C 06-569, Gringel v. AstraZeneca, C 06-578, Mack v. AstraZeneca, 06-627, Hopkins-Hyche v. AstraZeneca, C 06-645, Ali v. AstraZeneca, C 06-658, Jones v. AstraZeneca, C 06-1288, Warburton v.

AstraZeneca, C 06-1848, and Walker v. AstraZeneca, C 06-2040.[1]  AstraZeneca has filed opposition, to which plaintiff herein has replied on behalf of herself and each of the above-referenced plaintiffs.

On July 6, 2006, the Judicial Panel on Multidistrict Litigation ("MDL Panel") advised the Court and the parties that the MDL Panel had issued an order transferring nine of the above-referenced actions to the Middle District of Florida.  The MDL Panel's order of transfer became effective July 10, 2006, (see Notice of Filing of Order Transferring Cases, filed July 19, 2006, Ex. A), the date such order was filed in the Middle District of Florida. See 28 U.S.C. § 1407 (providing order of transfer issued by MDL Panel is effective when filed in transferee district).  Because those nine actions are no longer pending in this District, this Court lacks jurisdiction to rule on the request of each such plaintiff for dismissal without prejudice.

Accordingly, to the extent the motion seeks relief as to those nine actions, specifically the Belpuliti, Glover, Harkins (the instant action), Hawkins, Gringel, Kasperson, Mack, Hopkins-Hyche, and Ali actions, the motion is hereby DENIED.

With respect to the remaining actions, each plaintiff therein is entitled to a dismissal without prejudice unless AstraZeneca demonstrates it will "suffer some plain legal prejudice as a result of the dismissal." See Hamilton v. Firestone Tire & Rubber Co., 679 F. 2d 143, 145 (9th Cir. 1982).  Plaintiffs' counsel, apparently anticipating the transfer of the remaining claims against AstraZeneca to the Middle District of Florida, states plaintiffs do not wish to proceed with their claims therein, preferring instead to refile in state courts, in the event plaintiffs decide to refile at all.  Although AstraZeneca argues such refilings would defeat the purposes of the MDL Panel's order creating multidistrict litigation, AstraZeneca cites no authority holding such result constitutes cognizable prejudice for purposes of defeating the instant motion.  Further, plaintiffs' claims arise under state law, and "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a

---

[1] Plaintiff in the instant action, and plaintiffs in each of the above-referenced actions are represented by the same attorneys.

1  voluntary motion to dismiss without prejudice, especially when state law is involved." See
2  American Nat'l Bank and Trust Co. v. BIC Corp., 931 F. 2d 1411, 1412 (10th Cir. 1991);
3  see also Wetlands Water Dist. v. United States, 100 F. 3d 94, 97 (9th Cir. 1996) (citing
4  favorably to American Nat'l Bank).  Consequently, the Court finds AstraZeneca has not
5  established plain legal prejudice would occur in the event the remaining actions are
6  dismissed without prejudice.

7       AstraZeneca alternatively argues that the Court should condition any dismissal
8  without prejudice on each plaintiff's refiling his or her complaint in a federal district court
9  with proper venue, not adding any defendant that would destroy diversity, and not objecting
10 to transfer to the MDL proceeding in the Central District of Florida.  In short, the conditions
11 would require any refiled action to be litigated in the Central District of Florida.
12 AstraZeneca cites no authority in support of such conditions and, under the circumstances
13 pertaining herein, the Court finds such conditions are not warranted

14      Accordingly, to the extent the motion seeks relief as to the actions still pending
15 before the Court, specifically, the Houston, Jones, Johnson, Gotschall, Mitchell, Warburton,
16 and Walker actions, the motion is hereby GRANTED, provided the plaintiff in each such
17 case electronically files, in such case and no later than July 28, 2006, a proposed order of
18 dismissal, which proposed order shall reference this Order.

19 **IT IS SO ORDERED.**

21 Dated: July 20, 2006

                MAXINE M. CHESNEY
                United States District Judge